OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings pending against appellee, Raymond Gau.
On November 17, 1989, a jury convicted appellee of one count of rape in violation of R.C. 2907.02 and one count of kidnapping in violation of R.C. 2905.01. On December 11, 1989, the trial court sentenced appellee to serve an indefinite term of ten to twenty-five years in prison on the rape count and an indefinite term of five to twenty-five years in prison on the kidnapping count. The trial court ordered the sentences to be served consecutively.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. On July 1, 1997, the trial court dismissed the pending sexual predator proceeding against appellee without holding a hearing. The trial court held that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Ultimately, however, these same arguments were rejected by the Supreme Court of Ohio in State v. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Following the Supreme Court's ruling in Cook, this court held that R.C. Chapter 2950 was unconstitutional as applied to sexual predators under Section 1, Article I of the Ohio Constitution. See State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Therefore, we affirm the decision of the trial court to dismiss the sexual predator proceeding against appellee on the basis of the precedent established by this court in Williams.
 Accordingly, the judgment of the trial court is affirmed. _______________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.